UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

| | |
|---|---|
| GADDIS CANADA a/k/a KAIRA CANADA, | )<br>)<br>) Case No. 18-cv-2121 |
| Plaintiff, | )<br>) Judge Sharon Johnson Coleman |
| v. | ) |
| CHANTE P. HALL, EDWARD DUBAKA, DARMEA S. MCCOY, RICHARD H. PASQUEL, JAMES A. CIUKAJ, Jr., CHARLES L GRAY, PETRA GUMBEL-PRITCHETT, GWENELL MCCULLOUGH, LISA M. ROGERS, ABDALLAH ABDELHAMID, C.O. ANDERSON, RICHARD BILLINGSLEY, C.O. FREEMAN, SEDRICK GARMON, C.O. GONZALEZ, JOSEPH D. HVORCIK, PETER JENSEN, GREGORY KULASA, SEAN MICHALCZEWSKI, CARA B. PITTS, C.O. POPP, MICHAEL PUCHACZ, DAMIR RASIC, MOSES A. ROSS, ADIS SKENDEROVIC, CASIMIR STRUGIELSKI, JR., ERIC TAPPERT, CURTIS WEATHERSBY, CARMEN CONSOLINO, BERNESSA TATE, NOEL ACOSTA, IRWIN K. JOHNSON, NANCY A. ALVAREZ, DAMITA DELITZ, ESQUIVEL IRACHETA, JOE E. HURD, COOK COUNTY, Illinois, and Cook County Sheriff THOMAS DART, in his Official Capacity, | ) |
| Defendants. | ) |

**MEMDORANDUM OPINION AND ORDER**

The plaintiff, Gaddis Canada, a transgender woman who goes by Kaira, brings this suit alleging violations of her constitutional rights against a plethora of individual defendants, Cook County Sheriff Thomas Dart, and Cook County. Defendants Dart, Hall, Dubaka, McCoy, Pasquel, Ciukaj, Gray, Gumbel Pritchett, McCullough, Rogers, Anderson, Billingsley, Freeman, Garmon,

1

Gonzalez, Jensen, Kulasa, Michalczewski, Pitts, Pipp, Puchacz, Rasic, Ross, Skenderovic, Tate, Acosta, Johnson, Alvarez, Delitz, and Iracheta filed a motion to dismiss [14]. Defendants Tappert, Abdelhamid, Hvorik, Strugielski, Weathersby, Hurd, and Consolino filed a subsequent motion to dismiss [43] after they received service of process. For the reasons set forth herein, those motions are granted in part and denied in part.

**Background**

The following facts are taken from the plaintiff's complaint and are accepted as true for the purpose of ruling on the present motion. Canada was arrested on March 5, 2016, and was processed into the Cook County Jail as a pre-trial detainee on March 8, 2016. When she arrived at the jail, Canada informed Cook County Jail intake officers that she was a transgender woman.[1] One of the intake officers stated that Canada did not appear to be transgender and "looked like she could handle herself in the jail." Although Canada was identified as male in Jail paperwork, she was also placed into protective custody due to her transgender status. Canada was designated to Division 6 of the jail and was assigned to share a cell with Rayshoan Ellison, a cisgender man. Ellison was known by correctional officers and supervisors to be dangerous.

Defendants Hall, Pasquel, Abdelhamid, Anderson, Billingsley, Freeman, Garmon, Gonzalez, Hvorcik, Jensen, Kulasa, Michalczewski, Pitts, Pop, Puchacz, Rasic, Ross, Skenderovic, Strugielski, Tappert, and Weathersby were all correctional officers assigned to Division 6 during Canada's pretrial detention. Defendants Dubaka, McCoy, Ciukaj, Gray, Gumbel-Pritchett, McCullough, and Rogers were all sergeants assigned to Division 6 during Canada's pretrial detention. Defendants Acosta, Johnson, Alvarez, Delitz, Iracheta, and Hurt were all lieutenants assigned to Division 6

---

[1] Although immaterial to this ruling, the Court would be derelict if it failed to note the defendants' careless disrespect for the plaintiff's transgender identity, as reflected through implications that the plaintiff might not actually be transgender and the consistent use of male pronouns to identify the plaintiff. The Court cautions counsel against maintaining a similar tone in future filings.

2

during Canda's pretrial detention. Defendants Consolino and Tate were commanders responsible for Division 6 during Canada's pretrial detention. And, at all times relevant here, defendant Dart was the Sheriff of Cook County.

During her incarceration, Canada informed the correctional officers and sergeants that she interacted with that she was a transgender female. She also repeatedly complained to those individuals about her housing arrangements, noting that she should be placed by herself or with other transgender women and that she feared for her safety.

Ellison, Canada's cellmate, repeatedly threatened Canada with physical violence if she was not removed from his cell. Ellison also expressly told corrections officers that he intended to harm Canada if she remained in his cell. Canada reported these threats of violence to corrections officers, Sergeant Dubaka, and Sergeant McCoy, and asked to be removed from Ellison's cell. Correctional lieutenants and commanders were made aware of this situation, but Canada was not removed from the cell. Instead, Canada was told that neither she nor Ellison would be moved and that her and Ellison would need to work out any problems between themselves.

On March 23, 2016, Ellison became verbally aggressive toward Canada and other inmates were unable to calm him down. Canada complained to Corrections Officer Hall that Ellison was threatening her with violence and again requested to be removed from the cell. Hall informed Canada that he would see what he could do, but that he would not be moving anyone that night. During the night, Hall left his assigned post for a period of time. While Hall was away from his post, Ellison grabbed Canada from behind and punched her repeatedly. Canada fell to the ground, and Ellison got on top of her and continued to punch her face until she blacked out. Canada suffered from a broken jaw, bruises covering her face, and emotional distress.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster,* 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

**Discussion**

The defendants first contend that Canada has failed to state a claim under 42 U.S.C. § 1983 against the individual defendants. In order to hold an individual liable for an alleged constitutional violation under 42 U.S.C. § 1983, a plaintiff must allege that the individual defendant caused or participated in the constitutional violation at issue. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). This requirement applies to supervising officials as well, because section 1983 does not allow supervisors to be held liable for their subordinates conduct based on a theory of respondeat superior. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

Here, Canada has generally alleged that she complained about Ellison's threats to the correctional officers and sergeants named as defendants in this action, that she specifically spoke to Sergeants Dubaka and McCoy, and that the lieutenants and commanders named as defendants in this action were aware that Canada was transgender and that Ellison was threatening violence against her. The defendants contend that these generalized allegations are insufficient, and that Canada must specifically allege how each defendant was involved with Canada, knew that Canada's rights were being violated, and allowed that injury to occur.

Canada stakes contradictory positions, asserting both that she personally raised concerns over her housing situation with each corrections officer and sergeant but also that specific allegations should not be required prior to discovery because she cannot identify the responsible party without pretrial discovery. The latter position is unsupported by the caselaw that Canada relies on. Although it is true that the Seventh Circuit has endorsed the practice of naming John Doe defendants where a specific individual's identity is not known to the plaintiff, that is not the situation before this Court. *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009). This case is also not comparable to *Smith v. Illinois*, an unpublished case in which group allegations as two the conduct of two police officers were held to be sufficient to state a claim because each officer could determine which allegations pertained to them. *Smith v. Illinois,* No. 07 C 7048, 2009 WL 1515306, at *6 (N.D. Ill. May 27, 2009) (Kennelly, J.). Accordingly, the Court looks to the complaint for the specific and individualized applications required in order to provide fair notice of her claims to the defendants.

Here, Canada has alleged no facts plausibly establishing that any of the named commanders or lieutenants were aware of the risk of harm to her or that they turned a blind eye to that risk. The fact that an individual occupies a supervisory role, absent more, is not sufficient to establish their knowledge of Canada's circumstances or the threats against her. Canada has also failed to allege any specific facts as to the majority of the correction officers or sergeants named as defendants. Canada generally alleges that she informed those defendants of her transgender status and of Ellison's threats, and that Ellison informed those defendants of his intent to harm Canada. It is not clear from Canada's allegations whether she is specifically asserting the dubious proposition that both she and Ellison separately spoke to each of the twenty-eight involved defendants about the situation. Even if the complaint was so construed, the generalized and unelaborated information alleged, absent more, is not sufficient to support a claim against each of those twenty-eight individual

5

defendants at this time (the plaintiff, of course, is free to seek leave to amend her complaint once additional information comes to light during discovery).

Canada, however, does makes additional, specific allegations as to Sergeant Dubaka and Sergeant McCoy, who she expressly alleges she informed of Ellison's threats of violence and requested an immediate transfer from. Canada similarly alleges that, on the date of her assault, she informed Officer Hall of Ellison's threats and that Hall expressly refused to change her cell assignment that night. The Court considers these allegations to be adequately specific in light of the plaintiff's general allegations as to officers' knowledge of her gender identity and of her and Ellison's prior complaints. The defendants do not argue that these allegations, if found to be sufficient, are legally incapable of stating a constitutional claim, and accordingly the Court declines to dismiss Canada's claims against Dubaka, McCoy, and Hall. The claims against the remaining individual defendants will be dismissed without prejudice so that they may be supplemented should evidence come to light during discovery sufficient to support constitutional claims against those defendants.

The defendants next contend that Canada has failed to adequately allege a *Monell* claim against Sheriff Dart. In order to state a claim for damages against a governmental entity or a government official acting in their official capacity under section 1983, a plaintiff must allege that the constitutional deprivation at issue occurred as a result of an official policy, custom, or practice. *Monell v. Department of Social Serv.,* 436 U.S. 648, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The defendants contend that Canada has failed to state a claim under *Monell* because Canada alleges only her own experiences and not an express policy or a custom established by allegations of a recurring practice.

Canada alleges that Dart's policies or practices (1) failed to accurately identify the gender of detainees who present themselves as transgender and to train employees on matters of gender identity; (2) failed to determine appropriate housing assignments for transgender detainees within a

reasonable time of their arrival; (3) failed to remove or protect identified transgender detainees from other detainees who would pose a threat of harm; (4) promulgated a vague, incomplete, and insufficient express policy regarding transgender detainees through Sheriff's Order No.11.5.43.0; (5) failed to ensure that detainee requests to speak to supervisory staff were conveyed; and (6) failed to remove or protect detainees from other detainees who posed a threat of violence.

The defendants contend that all of Canada's claims of policies giving rise to the unconstitutional conduct are insufficient because Canada has not alleged similar misconduct, which the defendants assert is necessary to establishing a practice or custom as opposed to an isolated incident. It is true that at summary judgment an alleged municipal policy must be supported by more than a single act of misconduct, and some prior decisions have also held single incidents to be insufficient to allege the existence of a municipal policy at the motion to dismiss stage. *See, e.g.,* Grieveson v. Anderson, 538 F.3d 763, 774 (7th Cir. 2008) (holding that four incidents involving the plaintiff did not establish a widespread unconstitutional practice sufficient to survive summary judgment); *Caldwell v. City of Elwood*, 959 F.2d 670, 673 (7th Cir. 1992) (concluding that a single alleged incident of First Amendment retaliation was insufficient to establish a municipal practice capable of surviving a motion to dismiss). As a general matter, however, Courts within this district have increasingly found that, at this stage, a plaintiff need only allege a policy or practice and is not obligated to put forward evidence from which a reasonable factfinder could conclude that such a policy exists. *See generally Hudson v. Zettergren*, No. 17 C 7493, 2018 WL 4205411, at *3 (N.D. Ill. Sept 4, 2018) (Ellis, J.); *Barwicks v. Dart*, No. 14-cv-8791, 2016 WL 3418570, at *4 (N.D. Ill. June 22, 2016) (Dow, J.). This approach is eminently sensible, as an incarcerated plaintiff, even one represented by counsel, will rarely have access to information regarding other incidents capable of establishing a pattern of misconduct or to an institution's internal policy guidance prior to fact discovery.

7

The facts alleged here establish that, on intake, a transgender woman was designated as male and placed into a cell with another male inmate, who subsequently threatened her repeatedly. Despite knowing of these threats and repeated requests for transfer, officers disregarded this situation until an assault occurred. These allegations are sufficient, in this Court's opinion, to support the existence of the majority of the policies or practices alleged.[2]

The defendants, in their reply, assert for the first time that failure to train and supervise claims are subject to heightened scrutiny and that the plaintiff has failed to specifically allege a pattern of similar violations caused by untrained or unsupervised employees. Canada's failure to train and supervise claims, however, were never specifically addressed in the defendants' motions to dismiss, and this argument concerning those claims is therefore not properly before this Court. *See Peterson v. Vill. of Downers Grove*, 103 F. Supp. 3d 918, 924 (N.D. Ill. 2015) (Chang, J.) ("Arguments raised for the first time in reply briefs are ordinarily waived, and rightly so given the lack of opportunity for the other party to respond to them."). The Court accordingly concludes that Canada's allegations are sufficient to establish the existence of a municipal policy. The defendants do not challenge any of the specific policies at issue, and the Court therefore holds that Canada's *Monell* claims are adequately alleged.

**Conclusion**

For the foregoing reasons, the defendants' motions to dismiss [14,43] are granted in part and denied in part. Defendants Pasquel, Ciukaj, Gray, Gumbel-Pritchett, McCullough, Rogers, Abdelhamid, Anderson Billingsley, Freeman, Garmon, Gonzalez, Hvorcik, Jensen, Julasa, Michalczewski, Pitts, Pipp, Puchacz, Rasic, Ross, Skenderovic, Strugielski, Tappert, Weathersby, Consolino, Tate, Acosta, Johnson, Alvarez, Delitz, Iacheta, and Hurd are dismissed without

---

[2] The plaintiff provided no allegations about Sheriff's Order no. 11.5.43.0 and did not allege that her requests were not conveyed to supervisors. The defendants, however, altogether failed to address these omissions, and this Court therefore declines to dismiss those claims.

8

prejudice. The defendants' motions are denied with respect to Hall, Dubaka, McCoy, Sheriff Dart, and Cook County.

IT IS SO ORDERED.

Date: 3/21/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge